IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

LIFE INSURANCE COMPANY
OF THE SOUTHWEST,
a Texas insurance corporation

      Plaintiff,

v.                                              Case No.

LACHELE COVINGTON-CAMPANELLA,
SOPHIA CAMPANELLA,
OLIVIA CAMPANELLA, and
SARAH CAMPANELLA,

      Defendants.

_____/

**COMPLAINT FOR INTERPLEADER**

Plaintiff, LIFE INSURANCE COMPANY OF THE SOUTHWEST, ("LSW"), by and through its undersigned attorneys, sues Defendants, LACHELE COVINGTON-CAMPANELLA ("Ms. Covington-Campanella"), SOPHIA CAMPANELLA, OLIVIA CAMPANELLA, and SARAH CAMPANELLA (collectively, the "Daughters"), and states:

**PARTIES**

1.     LSW is a Texas insurance corporation with its principal place of business in Addison, Texas, and is a citizen of Texas.

2.     Sophia Campanella is an adult resident and citizen of Palm Beach County, Florida, who is believed to reside at 110 San Vincente Pl, Palm Beach Gardens, FL 33418.  She is one of Edward Campanella's children.

3. Olivia Campanella is an adult resident and citizen of New York County, New York, who is believed to reside at 155 West 68th St., Apt. 909, New York, NY 10023. She is one of Edward Campanella's children.

4. Sarah Campanella is an adult resident and citizen of Palm Beach County, Florida, who is believed to reside at 110 San Vincente Pl, Palm Beach Gardens, FL 33418. She is one of Edward Campanella's children.

5. Ms. Covington-Campanella is an adult resident and citizen of New York County, New York, who is believed to reside at 21 W 86th St., Apt. 6A, New York, NY 10024. She is Edward Campanella's widow.

6. On information and belief and according to LSW's records, at the time of his death Edward Campanella was a resident of Palm Beach County, Florida, and was a citizen of the State of Florida.

**JURISDICTION**

7. This is an interpleader action of a civil nature. This Court has original jurisdiction over this interpleader under 28 U.S.C. § 1332(a) and § 1335(a). This Court has original jurisdiction over this interpleader under 28 U.S.C. § 1332(a) since the plaintiff is completely diverse from the defendants and the defendants are claiming to be entitled to the proceeds of a life insurance policy valued at least at $75,000, which proceeds are in the possession of LSW.

**VENUE**

8. Venue is proper in this district under 28 U.S.C. § 1397 because one or more of the claimants resides in this district and division.

## GENERAL ALLEGATIONS

### The Policy and Beneficiary Change

9. LSW issued a life insurance policy, Policy No. LS08527090 (the "Policy"), to Edward Campanella, as the Owner and the Insured, in the face amount of Thirteen Million Dollars ($13,000,000.00). A copy of the Policy, which includes the application for the Policy (the "Application"), is attached to this Complaint as **Exhibit A**.

10. On information and belief, at the time the Policy was issued, Edward Campanella resided at 110 San Vincente Pl, Palm Beach Gardens, FL 33418.

11. As a result of Edward Campanella's death, LSW owes the proper beneficiaries of the Policy their respective portions, if any, of the face amount of the Policy plus interest (the "Benefits").

12. The Application identifies Sarah Campanella, Sophia Campanella, Olivia Campanella, and Ms. Covington-Campanella as the primary beneficiaries, and allocates 23%, 23%, 23%, and 31% of the Benefits to them, respectively, upon Edward Campanella's death.

13. LSW received a Beneficiary Agreement Request form dated January 15, 2020 (the "Change of Beneficiary Form"). In that form, Edward Campanella purportedly instructed LSW to change the Policy's primary beneficiaries to Sophia Campanella, Olivia Campanella, and Sarah Campanella and allocate 33%, 33%, and 34% of the Benefits to them, respectively. A copy of the Change of Beneficiary Form is attached to this Complaint as **Exhibit B**.

14. LSW approved and recorded the Change of Beneficiary Form on March 31, 2020, effective as of January 15, 2020.

### The Defendants' Competing and Inconsistent Claims

15. Edward Campanella died on April 8, 2020.

3

16.     On or about April 30, 2020, LSW received claimant statements from each of the Daughters requesting payment of the Policy's Benefits. Copies of the claimant statements are attached to this Complaint collectively as **Exhibit C**

17.     On information and belief, each of the Daughters claims entitlement to the portion of the Benefits specified in the Change of Beneficiary Form—i.e., Sophia Campanella (33%); Olivia Campanella (33%); Sarah Campanella (34%).

18.     On May 15, 2020, LSW received a letter from an attorney for Ms. Covington-Campanella, Donald Novick, stating that Ms. Covington-Campanella challenged the validity of the Change of Beneficiary Form because "Edward Campanella was incapable of making any decision with respect to changing the beneficiary." A copy of the May 15, 2020 letter is attached to this Complaint as **Exhibit D**.

19.     On August 31, 2020, LSW contacted Mr. Novick by telephone. LSW provided information regarding the Change of Beneficiary form and asked Mr. Novick to confirm whether Ms. Covington-Campanella continued to claim that she was entitled to some or all of the Benefits and whether her claim was limited to the 31% of the Benefits to which she would have been entitled under the original beneficiary designation. Mr. Novick confirmed that his client continued to claim that she is entitled to at least 31% of the Benefits but further advised that she would not concede that she was not entitled to the all of the Benefits.

20.     By letter dated September 10, 2020, LSW provided additional information to Mr. Novick that he had requested and asked him again to confirm whether Ms. Covington-Campanella claimed entitlement to any of the Benefits and, if so, whether she claimed entitlement to 100% of the Benefits or only 31% of the Benefits. A copy of this communication, without its attachments, is attached to this Complaint as **Exhibit E**.

21. Mr. Novick did not respond to the September 10 letter.

22. On September 22, 2020, LSW contacted Mr. Novick by telephone. He advised that his client's position remained unchanged.

23. On September 29, 2020, LSW received a letter from Mr. Novick again affirming that his client's position remained unchanged. A copy of this communication is attached to this Complaint as **Exhibit F**.

24. Based on the foregoing, LSW's understanding is that Ms. Covington-Campanella challenges the validity of the Change of Beneficiary Form and claims to be entitled to 100% of the Benefits.

25. In addition to LSW's communications with Mr. Novick, LSW has also been contacted by William Turkish, attorney for the Daughters, who has demanded that LSW pay 100% of the Benefits to the Daughters as allocated in the Change of Beneficiary Form.

26. LSW stands ready to pay 100% of the Benefits to the proper beneficiary or beneficiaries. However, given the foregoing circumstances, it faces competing and inconsistent claims for all of the Benefits.

27. If, in response to this Complaint, Ms. Covington-Campanella withdraws her claim to 100% of the Benefits and confirms that she does not dispute that the Daughters are entitled to the 69% of the Benefits allocated to them in the Application, LSW stands ready to pay the Daughters that portion of the Benefits. However, in that event LSW would still face competing and inconsistent claims for 31% of the Benefits.

28. The circumstances set forth above render LSW subject to competing and inconsistent claims regarding the Benefits, giving it good cause to believe it is in peril of multiple and inconsistent judgments.

## COUNT I: INTERPLEADER

29. LSW re-alleges and incorporates herein paragraphs 1 through 28 as though fully set forth herein.

30. LSW has a reasonable fear of multiple liability because of the circumstances described above, and is the subject of competing and inconsistent claims to the Benefits.

31. LSW hereby offers to deposit 100% of the Benefits into the registry of the Court, which it will do if and when the Court permits, after motion and notice to the Defendants.

WHEREFORE, LSW respectfully requests the Court to enter a judgment in its favor, providing as follows:

1. Accepting LSW's deposit of the Benefits into the registry of the Court;

2. Restraining each claimant from instituting against LSW in any other forum an action that relates to the Policy or the Benefits, and requiring each claimant to state their claims to the Benefits in this action;

3. Discharging LSW of all further liability relating to or arising from the Policy or the Benefits, its handling of claims under the Policy, or its processing of any and all change of beneficiary forms; and

4. Awarding LSW its reasonable costs and attorney's fees, to be paid from the Benefits.

/s/ Brett J. Preston
Brett J. Preston
Florida Bar No. 603716
HILL, WARD & HENDERSON, P.A.
101 East Kennedy Blvd., Suite 3700
Post Office Box 2231
Tampa, Florida 33601

(813) 221-3900 (Telephone)
(813) 221-2900 (Facsimile)
brett.preston@hwhlaw.com
michelle.armstrong@hwhlaw.com
*Attorneys for Plaintiff*

14489840v1